## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JANUARY 2000 SESSION



FILED

**March 22, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01255-CCA-R3-CD |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Honorable Joseph P. Dailey, Judge |
| **ERIC THOMAS,** | * | (Robbery) |
| Appellant. | * | |

FOR THE APPELLANT:

ERIC THOMAS, #97006881
Pro Se (On Appeal)
201 Poplar
Memphis, TN 38103

WILLIAM C. GOSNELL
(At Trial)
217 Exchange
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

AMY P. WEIRICH
Assistant District Attorney
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

## INTRODUCTION

The defendant, Eric Thomas, appeals from his conviction of robbery by a Shelby County jury. After conviction, the defendant was sentenced as a Range II offender to eight years and one day in the Department of Correction. Thereafter, the defendant waived his right to representation on his appeal[1] and now proceeds pro se. He contends that the trial court erred in:

(1) Denying his pre-trial motion to suppress; and

(2) denying certain portions of his pre-trial motion to enforce a verbal plea agreement.

These errors, he argues, entitle him to a new trial. After careful review, we disagree and AFFIRM the judgment and sentence from the trial court.

## FACTS

On November 19, 1996, the defendant walked into the National Bank of Commerce in Memphis, walked to the teller-counter, handed the teller a note, robbed the bank and fled. At the scene, his fingerprints were preserved, and later analysis produced a match.

On this basis, the defendant was apprehended and, after a brief struggle, transported to and held in the Shelby County Jail. Two days after his arrival, he signed a written waiver of his <u>Miranda</u> rights and confessed to Detective Paris, a veteran of the Memphis Police Department.

Charged, indicted and tried, the defendant was found guilty in November 1998 of one count of robbery in violation of Tenn. Code Ann. § 39-13-401. But

---

[1] In the record is a signed waiver of the defendant's right to counsel on appeal.

before trial, the court held two hearings in response to certain defense motions. As the substance and dispositions of these motions form the basis of the defendant's instant appeal, this Court will review both in greater detail later. However, as introduction, one, held 10 days before trial, was a suppression hearing determining the admissibility of the defendant's confession, and the other, held months before, was a hearing to review the defendant's motion to enforce a verbal guilty plea agreement.

To return to the defendant's trial, the evidence was strong. Besides the defendant's confession, the bank teller identified the defendant, the defendant's fingerprints were introduced and the defendant's handwritten note was introduced. After the verdict, the trial court sentenced the defendant on January 29, 1999, and the defendant, thereafter, filed his notice of appeal, his waiver of counsel, and his appellate brief. Therefore, his appeal is now properly before this Court.

## ANALYSIS

### Motion to Suppress

On November 10, 1998, the trial court held a suppression hearing at which the defendant argued that his confession was taken in violation of the dictates of Miranda v. Arizona, 384 U.S. 436 (1966). See also State v. Middlebrooks, 840 S.W.2d 317, 326 (Tenn. 1992), *cert. dismissed* 510 U.S. 124 (1993). Specifically, he asserted that his signed Miranda waiver was taken unknowingly and unintelligently and therefore did not constitute legally sufficient waiver. The trial court disagreed with this argument and admitted the confession. We conclude that the defendant has not demonstrated that this decision was in error. Therefore, we are bound to affirm the decision of the trial court.

At the hearing, the defendant attacked the sufficiency of his Miranda waiver, which must be made voluntarily, knowingly and intelligently. First, he testified that at the time of the statement he was under the mis-impression that Detective Paris was actually his attorney.[2] With Detective Paris as his attorney, the defendant testified, he assumed, without reading, that the forms presented him, actually the Miranda waiver, was in his own best interests. Therefore, he stated, he signed it. Second, the defendant testified that his waiver came only after being locked in isolation at the jail for two days without food or water. These two factors, he argues, render his waiver defective, and therefore his confession inadmissible.

However, in rebuttal, Detective Paris testified that at the time of the waiver, it should have been clear to the defendant that he was, in fact, an officer of the state and not an attorney. First, he testified that he identified himself to the defendant and explained to the defendant the situation and context. Beyond this, he further testified that at no time did the defendant complain of being in pain or in need of food or water. Instead, he added that the defendant appeared unimpaired and responsive.

After hearing this diametrically opposed testimony, the trial court disbelieved the defendant and credited the testimony of the detective. In support, the trial court noted the obvious inconsistencies between the defendant's testimony and the statements endorsed in the waiver. Accordingly, it ruled the confession admissible. Further, we note that this defendant was, at the time, not new to the justice system. The record reveals his previous convictions and some familiarity with the system.

We review the trial court's findings under our well-established standard of review. The findings of fact made by the trial court at the hearing on a motion to

---

[2] The defendant explains that he asked the police for his attorney and Detective Paris said that he would be acting as the defendant's lawyer.

suppress are binding upon this Court unless the evidence contained in the record preponderates against these findings. See State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolves any conflicts in the evidence. See State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, this Court is not bound by the trial court's conclusions of law. See State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. See Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975). In this case, the defendant has the burden of demonstrating that the evidence preponderates against a finding that a confession was, in fact, freely, voluntarily and knowingly entered. See State v. Buck, 670 S.W2d 600, 610 (Tenn. 1984).

The test for determining a valid waiver of Miranda protections under the Tennessee Constitution is more protective of individual rights than the test under the United States Constitution. See State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). To be effective, the waiver must be made with the defendant's personal awareness of both the nature of the right and the consequences of abandoning his rights. Id. at 544-545. Additionally, the waiver cannot be the result of intimidation, coercion or deception. Id. In determining whether a waiver was made voluntarily or knowingly, the reviewing court looks at the totality of the circumstances surrounding the relinquishment of the right. Id. at 545.

In this case, as is apparent, the issue is purely one of credibility. For good reason, credibility determinations are left primarily in the hands of the trial court. See, e.g., Odom, 928 S.W.2d at 23. The trial court alone is in the position to best observe the witness actually testify, to judge his demeanor, mannerisms and speech. Therefore, as the defendant has presented no further evidence nor

convincing argument, we agree with the trial court's conclusion and affirm their decision to admit the defendant's confession. The record supports the trial court's ruling, and in short, we find no error.

## Motion to Enforce A Verbal Plea Guilty Agreement

Months before the ruling described above, the trial court conducted a hearing in consideration of the defendant's motion to enforce a verbal guilty plea agreement. At this hearing, the defendant argued, and he now renews this argument, that the state had breached agreed-to terms of a guilty plea agreement. The trial court agreed with the defendant in one respect and disagreed with the defendant in another. Accordingly, it ruled in part against the defendant[3]. Apparently, however it is not entirely clear from the defendant's brief, he challenges the adverse ruling. Accordingly, we narrow our review to that one ruling.

The defendant argues that he was offered an agreement that the sentence imposed upon a guilty plea to robbery would be six to ten years. He claims that he accepted this term and that under State v. Howington, 907 S.W.2d 403 (Tenn. 1995),[4] he is entitled to enforcement. The trial court found that no such agreement existed, and we do not disturb that finding.

At the hearing, the defendant testified that in his negotiations with Detective Paris, the two agreed that the defendant would plead guilty to the instant robbery, as well as other unrelated robberies, and receive a concurrent sentence[5] on this one

---

[3] The trial court ruled that:
    (a) There was an agreement that the defendant would only be charged with robbery and not aggravated robbery, and
    (b) There was no agreement that the defendant receive a concurrent sentence somewhere between 6 and 10 years.

[4] Howington holds that an agreement between a prosecutor and the defendant is contractual in nature and is enforceable under the law of contracts. Id. at 408.

[5] That is, this sentence was to run concurrent with the sentences for the other unrelated robberies.

instant robbery of six to ten years. He said that the Detective was the one who initiated this talk of a recommended sentence and the one who offered this term. Thereafter, he stated that he accepted it.

Again, the Detective's account does not merely differ but is directly opposed. He testified that no recommended sentence was agreed to and that the defendant's testimony is in error.

As before, the trial court, left with a credibility determination, chose to disbelieve the defendant and credit the testimony of the Detective. And, as before, this Court is bound to agree with this decision in the absence of evidence or argument preponderating against it. Finding no such convincing argument or evidence, we affirm the trial court's ruling.

**CONCLUSION**

Accordingly, we AFFIRM the judgment and sentence from the trial court.

_____

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
ALAN E. GLENN, Judge

-7-